**Andrew L. Schlafly**
**Attorney at Law**
939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
(908) 934-9207 (fax)
aschlafly@aol.com

March 29, 2024

**BY CM/ECF**

Mr. Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

   **Re:**   *AAPS v. ABIM*, No. 23-40423 (5th Cir.)
          **Oral argument scheduled for April 4, 2024 (session #38)**

Dear Mr. Cayce,

   On behalf of Plaintiff-Appellant Association of American Physicians and
Surgeons Educational Foundation, we respectfully submit this letter pursuant to
Rule 28(j) in response to the government's letter dated March 28.

   The government attempts to distinguish the recent U.S. Supreme Court
decision in *FBI v. Fikre*, No. 22-1178, 2024 U.S. LEXIS 1379 (Mar. 19, 2024).
But there the unanimous Court rejected the same mootness argument that the
district court embraced below and which the government urges on appeal here. In
rejecting the government's mootness argument, the Court held:

> What matters is not whether a defendant repudiates its past actions, but what
> repudiation can prove about its future conduct. It is on that consideration
> alone—the potential for a defendant's future conduct—that we rest our
> judgment."

*Id.* at *16. The government's argument for mootness here fails this test, because
the government has "prove[n]" nothing "about its future conduct."

The government has even indicated that its work against what it views as "disinformation" continues unabated, despite its termination for the time being of its so-called Disinformation Governance Board. Indeed, at oral argument on March 18 in the Supreme Court in *Murthy v. Missouri* (Sup. Ct. No. 23-411), counsel for the government insisted on continuing its campaign (at taxpayer expense) against certain ideas.[1] The government conceded merely that it should not do so coercively with "a threat of adverse government action."[2]

This lawsuit challenges the violations of the Federal Advisory Committee Act (FACA) by the government as it acts in a highly partisan manner to place its heavy thumb on the scales in the marketplace of ideas. FACA requires transparency and balance by committees containing members of the private sector, and that transparency and balance have been lacking while government attempts to ostracize opposing views about medicine and science.

The issue is not the label of "Disinformation Governance Board," but whether government substantively complies with FACA and the Constitution while disparaging opponents' ideas. This case should be remanded for an adjudication on the merits.

Respectfully submitted,

s/ Andrew L. Schlafly

Andrew L. Schlafly
Counsel for Plaintiff-Appellant

cc: Counsel of Record (via CM/ECF)

---

[1] https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/23-411_o759.pdf (see arguments by Brian Fletcher, on behalf of the United States, viewed March 29, 2024).
[2] *Id.* at 5.